ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| GEOVANY SOTO PONCE<br><br>Parte Peticionaria<br><br>v.<br><br>LUZEM ARLENE TORRES OSORIO<br><br>Parte Recurrida | KLCE202400139 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022RF00544<br><br>Sobre: Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**RESOLUCION**

En San Juan, Puerto Rico, a 21 de febrero de 2024.

Comparece el señor Geovany Soto Ponce (Sr. Soto Ponce) y solicita que revoquemos las *Resoluciones* del 29 de diciembre de 2023[1] y la del 12 de enero de 2024[2], emitidas por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, en un incidente de custodia y relaciones filiales. Resulta importante señalar que las *Resoluciones* antes mencionadas están directamente relacionada a una *Orden* emitida por el TPI el 27 de diciembre de 2023.

Transcurrido el término para que la parte recurrida, señora Luzem Arlene Torres Osorio (Sra. Torres Osorio) presente su alegato en oposición a la expedición del auto, sin que hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

---

[1] Apéndice del recurso, página 24.
[2] *Íd.*, página 31.

Evaluada la solicitud del peticionario, y los documentos que obran en autos, y por los fundamentos que se exponen a continuación, se desestima el recurso por prematuro.

## I.

El 10 de junio de 2022, el TPI aprobó un *Acuerdo* presentado por el Sr. Soto Ponce y la Sra. Torres Osorio en el que éstos estipularon los términos de la patria potestad y custodia de sus tres hijos. En cuanto al aspecto de custodia, acordaron que ésta sería compartida entre los progenitores, en tiempo igual.

Poco más de un año y medio del acuerdo de custodia, el 26 de diciembre de 2023, la Sra. Torres Osorio presentó un *Escrito al Expediente Judicial*. En éste, pidió al tribunal que tomara conocimiento de que el 23 de diciembre de 2023, le correspondía entregar a los menores al Sr. Soto Ponce, pero éstos se negaron a relacionarse con su padre y se quedaron con ella. La Sra. Torres Osorio explicó que para hacer constar lo ocurrido presentó la querella policial número Q2023-7-026-06294.

En cuanto a dicho escrito al expediente judicial, el 27 de diciembre de 2023, el TPI dictó la orden que se transcribe a continuación:

> Se ordena a las partes identificar un recurso y acreditarlo al tribunal en 10 días, que pueda facilitar relaciones paternofiliales dentro de un contexto terapéutico. Los costos del servicio se atenderán por las partes al 50%.[3]

En cumplimiento con dicha orden, el 29 de diciembre de 2023, la Sra. Torres Osorio presentó su escrito proveyendo el nombre y dirección del recurso identificado para proveer apoyo en las relaciones filiales.

Por su parte, el Sr. Soto Ponce instó una *Moción para que se Deje sin Efecto la orden #117; se Ordene el Desacato de la*

---

[3] Apéndice del recurso, pág. 16.

*Demandada y se Repongan los Días Festivos durante el Día de Reyes.* Como bien explica el título de la moción, en primer lugar, el peticionario solicitó al tribunal la reconsideración de la orden del 27 de diciembre de 2023, fundamentado en que ésta fue emitida en violación a su derecho a un debido proceso de ley. En específico, planteó que el tribunal dictó su determinación sin haberle concedido la oportunidad de expresarse respecto a la solicitud y sin que hubiera transcurrido el término de veinte (20) días que la normativa procesal civil confiere a las partes para expresarse sobre los escritos radicados. Además, el Sr. Soto Ponce afirmó que la Sra. Torres Osorio presenta rasgos de un alienador parental que incumple el acuerdo de custodia y le niega el derecho a relacionarse con sus hijos, asunto que, según puntualizó, no podía ser atendido "livianamente"[4] por el tribunal y por el cual exigió la imposición de sanciones por desacato en contra de la recurrida. Por último, requirió que se le compensaran los días festivos en los que no pudo compartir con los menores[5].

El 29 de diciembre de 2023, el TPI dictó la primera *Resolución* objeto del presente recurso. En ésta, el foro expresó:

> Se equivoca la parte demandante en sus expresiones. Este tribunal no tomó livianamente las expresiones de la parte demandada y, en el ejercicio de *parens patriae*, tomando también en cuenta la edad de l[o]s menores, promovió el derecho del padre a relacionarse con sus hij[o]s dentro de un contexto terapéutico en el que junto a un/a especialista en conducta humana puedan trabajarse los asuntos que aparentan haber lacerado la relación paternofilial.
>
> Sin embargo, no existe reparo del tribunal a que, si l[a]s menores así lo expresan voluntariamente al padre, se retomen las relaciones paternofiliales. Se ordena a la madre permitir la comunicación telefónica del padre con sus hij[o]s, so pena de sanciones.
>
> Tenga la parte demandada 1 día para replicar.[6]

---

[4] *Íd.,* pág.19.
[5] Del expediente apelativo ante nosotros, no surge que el TPI, previo a emitir la Orden del 27 de diciembre de 2023, haya realizado algún proceso o trámite para validar o corroborar que los menores no deseaban relacionarse con su padre, según alegado exclusivamente por la Sra. Torres Osorio.
[6] *Íd.,* pág. 24.

Conforme ordenado, la Sra. Torres Osorio presentó su *Réplica según Resolución de 29 de diciembre de 2023 notificada el 2 de enero de 2024*. En ella, negó que hubiese impedido las relaciones paternofiliales y alegó, en cambio, que es más bien la conducta del Sr. Soto Ponce lo que le ha imposibilitado relacionarse con sus hijos.

Posteriormente, el 12 de enero de 2024, el Sr. Soto Ponce presentó dos escritos ante el tribunal. En el primero, notificó el nombre y dirección del especialista identificado para proveer apoyo en las relaciones filiales. En el segundo, titulado *Solicitud de Orden,* pidió que se le ordenara a la Sra. Torres Osorio cumplir con el itinerario de las relaciones filiales según estipuladas y aprobadas por el tribunal. Alegó que el tribunal ya había tomado medidas para que los menores fueran evaluados por un profesional, por lo que no existía impedimento legal alguno que motivara la paralización o suspensión de las relaciones filiales.

Entonces, el 12 de enero de 2024, el TPI dictó la segunda *Resolución* impugnada en el presente recurso. Esta Resolución solo atendió la *Solicitud de Orden* presentada por el demandante en esa misma fecha[7]. En específico, el tribunal dispuso:

> Nada que proveer. La solicitud es inconsistente con lo resuelto por el tribunal y con la moción presentada por la parte demandante en la que provee el nombre de un recurso para facilitar las relaciones paternofiliales.[8]

En desacuerdo con las anteriores determinaciones, el 1 de febrero de 2024, el Sr. Soto Ponce instó el presente recurso de *certiorari,* en el que apuntó los siguientes señalamientos de error:

> 1. Erró crasamente el TPI al suspender las relaciones paternofiliales establecidas y limitarlas a una relación dentro del "contexto terapéutico", sin celebrar vista evidenciaria o contar con prueba alguna sobre la existencia de circunstancias graves que lo justifiquen, en contra de la normativa sustantiva y jurisprudencial sobre el particular.

---

[7] *Íd.*, págs. 28, 29 y 30.
[8] *Íd.,* pág. 31.

2. Erró crasamente el TPI al no ordenar la continuación de las relaciones paternofiliales según establecidas, mientras un terapeuta evalúa las alegaciones de la madre sobre la renuencia de la mayor de las hijas de relacionarse con su padre durante el 25 de diciembre de 2023 y la evaluación de enajenación paternal.

3. Erró el TPI al considerar y adjudicar un escrito al expediente judicial, dado a que la parte que lo sometió no requirió auxilio alguno.

En síntesis, el peticionario aduce que mediante los dictámenes recurridos el TPI lo privó sumariamente de su derecho fundamental de relacionarse con sus hijos y dejó sin efecto una estipulación sobre custodia compartida, sin celebrar una vista evidenciaria, en violación a su derecho a un debido proceso de ley.

**II.**

**-A-**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group*, Inc., 200 DPR 254, 268 (2018). Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* supra. Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

Así, si un recurso de revisión o apelación se presenta mientras el foro apelado tiene ante su consideración una determinación que se encuentra pendiente y no ha sido resuelta, el foro apelativo debe

desestimar el recurso por este ser prematuro. La presentación prematura del recurso priva de jurisdicción al tribunal al cual se recurre. De manera que, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso. *Rivera Marcucci v. Suiza Dairy Inc.,* supra.

**III.**

En el presente caso, la Sra. Torres Osorio presentó su *Escrito al Expediente Judicial* el 26 de diciembre de 2023, alegando la negativa de sus hijos a relacionarse con su padre, el Sr. Soto Ponce. Al día siguiente, 27 de diciembre de 2023, el foro primario, ordenó a las partes que identificaran un recurso "que pueda facilitar las relaciones paternofiliales dentro de un contexto terapéutico"[9].

Ante el dictamen del TPI, el 29 de diciembre de 2023, el Sr. Soto Ponce radicó *La Moción Para Que Se Deje Sin Efecto La Orden #117; Se Ordene El Desacato De La Demandada Y Se Repongan los Días Festivos Durante El Día De Reyes.* Entre los asuntos solicitados, estaba la reconsideración de la *Orden* del 27 de diciembre de 2023. En la *Resolución* emitida el mismo día, el foro adjudicó que "las relaciones paternofiliales aparentan estar laceradas" y reiteró que el Sr. Soto Ponce se debía relacionar con "sus hij[o]s" dentro de un contexto terapéutico, sin reparo que "l[o]s menores" voluntariamente desearan retomar las relaciones paternofiliales. Al final de la *Resolución* el TPI ordenó al Sra. Torres Osorio a replicar la moción del Sr. Soto Ponce. Es decir, la reconsideración continuaba sin ser adjudicada en espera de la réplica ordenada.

En virtud de lo anterior, resulta forzoso concluir que el recurso ante nos es uno prematuro, ya que se encuentra pendiente de resolver la solicitud de reconsideración presentada por el Sr. Soto

---

[9] Apéndice del recurso, pág. 11.

Ponce el 29 de diciembre de 2023, en cuanto a la *Orden* del 27 de diciembre de 2023.

Resulta importante contextualizar la importancia de la adjudicación de la reconsideración. Ante nosotros el Sr. Soto Ponce solicitó la revisión solamente de las *Resoluciones* del 29 de diciembre de 2023 y del 12 de enero de 2024. No obstante, la *Orden* del 27 de diciembre de 2023, aún pendiente de ser reconsiderada, está intrínsecamente relacionada con ambas *Resoluciones* y nuestra controversia central, que es la designación de un recurso que facilite las relaciones paternofiliales en un contexto terapéutico.

En cuanto a la segunda *Resolución* del 12 de enero de 2024, entendemos que no subsana el defecto de prematuridad. En dicho dictamen, el foro primario no se expresó en cuanto a la reconsideración presentada el 29 de diciembre de 2023, a pesar de que ya contaba con la réplica de la Sra. Torres Osorio. En esta segunda *Resolución* el TPI dispuso "Nada que proveer" a la *Solicitud de Orden* que presentó el Sr. Soto Ponce el 12 de enero de 2024.

**IV.**

Por los fundamentos expuestos, desestimamos el auto de *certiorari* por prematuro.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones